People v Scott (2023 NY Slip Op 01387)

People v Scott

2023 NY Slip Op 01387

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

93 KA 19-00525

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL SCOTT, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered January 16, 2019. The judgment convicted defendant upon his plea of guilty of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law
§§ 110.00, 125.25 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. As the People correctly concede, the waiver of the right to appeal is invalid because County Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal . . . , and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Shanks, 37 NY3d 244, 252-253 [2021]; People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, we perceive no basis in the record for us to exercise our power to modify defendant's negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court